

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**ABELSON LAW OFFICES**
BY: Steven J. Abelson, Esq..
ID #SA 7987
80 West Main Street
P.O. Box 7005
Freehold, New Jersey 07728
(732) 462-4773
Attorney for Debtor

**Order Filed on March 1, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:
AUTO PERFECTION ASSOCIATES INC.

Debtor

Case No.: 21-14296 (JKS)

Adv. No.:

Hearing Date: February 22, 2022 @ 10:00 a.m.

Judge: Hon. JOHN K. SHERWOOD

## ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION UNDER 11 U.S.C. SECTION 1191(B)

The relief set forth on the following pages, numbered two (2) through seven (7) is hereby **ORDERED**.

**DATED: March 1, 2022**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION

**CASE NUMBER**: 21-14296

**DATE OF HEARING** 2/22/22

**JUDGE:** HON. JOHN K. SHERWOOD

-------------------------------------------------------------------------------------------------------------------------

THIIS MATTER being opened to the Court  upon the Chapter 11 Debtor and debtor-in-possession, Auto Perfection Associates Inc. (Steven J. Abelson, Esq. appearing) having filed with the Court a Small Business Plan of Reorganization or Liquidation on August 24, 2021 (Docket (No. 24) under Title 11, United States Code; and it appearing that the Confirmation

Hearing having been scheduled before this Court and due notice of the hearing to consider confirmation of the Plan(the "Confirmation Hearing") having been given (Docket No. 25); and the solicitation of acceptances or rejections of the Plan having been made in the manner required by this Court and by law; and a Confirmation Hearing having been held before the Court on February 22, 2022; and upon the entire record of the case, the argument of counsel for the Debtor and the evidence proffered at the Confirmation Hearing, including the Certification of Danial Maya in Support of Confirmation (Docket No. 32),   and no objections having been raised by the parties, and the Court after due deliberation and good and sufficient cause appearing and for reasons set forth on the record;

**IT IS HEREBY FOUND AND ORDERED, as follows:**

1. The Plan, as attached as Exhibit A and as modified by this Order (the "Confirmation Order") complies with the applicable provisions of the Bankruptcy Code, including Sections 1129 and 1190 of the Code.

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION

**CASE NUMBER:** 21-14296

**DATE OF HEARING** 2/22/22

**JUDGE:** HON. JOHN K. SHERWOOD

-----------------------------------------------------------------------------------------------------------------

2.      The Plan has been proposed in good faith and not by any means forbidden by law.

3.      The findings of fact and conclusions of law set forth herein and on the record of the

Confirmation hearing constitute findings of fact and conclusions of law in accordance with Rule

52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy

Rules 7052 and 9014.

4.      As No ballots were returned in favor or against the plan,  the Plan accordingly is deemed a

nonconsensual Plan under Section 1191(b) of the Bankruptcy Code.

5.      To the extent that any objections, reservation of rights, or statements with respect to

Confirmation were made on the record at the Confirmation Hearing or prior to the entry of this

Confirmation Order, they are either resolved by separate order or hereby overruled on the merits

or otherwise resolved based on the record before this Court.

6.      The Debtor, as proponent of the Plan, has met his burden of proving all of the requirements

of a nonconsensual plan under section 1191(b) of the Bankruptcy Code, including each required

element of Section 1129, by a preponderance of the evidence, the applicable evidentiary standard for

Confirmation. The classification of Claims and Interests under the Plan as modified by this

Confirmation Order, is consistent with Section 1122 of the Bankruptcy Code.

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION

**CASE NUMBER**: 21-14296

**DATE OF HEARING** 2/22/22

**JUDGE:** HON. JOHN K. SHERWOOD

---

The Plan specifies the classes of Claims or Interests not impaired under the Plan.

8.      The Plan specifies the classes of Claims or Interests impaired under the Plan and specifies the treatment of Claims or Interests in such classes.

9.      The Plan provides for the same treatment for each Claim or Interest of a particular class, and the treatment under the plan is fair and equitable to each impaired class.

10.      The Plans provides adequate means for the execution and implementation of the Plan.

11.      Any payments made or promised by the Debtor, or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with this Chapter 11 case, or in connection with the Plan and incident to this case, have been disclosed to and approved by this Court, as being reasonable or, if such payment is to be fixed after confirmation of the Plan, such payment is subject to approval of the Court as reasonable.

12.      After confirmation of the Plan, the Reorganized Debtor shall serve as the Disbursing Agent, and has agreed to perform all of the duties of Disbursing Agent under the Plan and have consented to the jurisdiction of this Court in respect to all matters relating to the performance of such duties.

13.      The procedures by way in which the Ballots were distributed and tabulated were fair,properly conducted and complied with the applicable rules of this Court.

**CAPTION OF ORDER:**

ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION

**CASE NUMBER**:  21-14296

**DATE OF HEARING**  2/22/22

**JUDGE:**  HON. JOHN K. SHERWOOD

------------------------------------------------------------------------------------------------------------------------

14.     With respect to each class of Claims or Interests under the Plan, each class either is unimpaired under the Plan, or has duly accepted the Plan, or has been deemed to have accepted the Plan.

15.     The treatment of Claims under the Plan of the type specified in 11 U.S.C. § 507(a) of the Bankruptcy Code complies with the provisions of 11 U.S.C. § 1129(a)(9)(A) of the Bankruptcy Code.

16.          N/A

17.     The plan is feasible.   The Debtor has demonstrated his ability to meet his financial obligations under the Plan. Confirmation and consummation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor.

18.     No government regulatory commission has jurisdiction over any rates charged by the Debtor.

19.     Based on the liquidation analysis annexed to the Plan, creditors will receive no less under the Plan than they would under a liquidation scenario.

20.     The Debtor has no retiree benefits as that term is defined in section 1114 of the Bankruptcy Code.

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION

**CASE NUMBER**:  21-14296

**DATE OF HEARING**  2/22/22

**JUDGE:**  HON. JOHN K. SHERWOOD

-----------------------------------------------------------------------------------------------------------

21.     Bankruptcy Code sections 1129(a)(14) and 1129(a)15 are not applicable to this case.

22.     The service of notice of the Confirmation Hearing and the solicitation of acceptances and rejections of the Plan were appropriate and satisfactory and were in compliance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

23.     Pursuant to the Plan, the Debtor will retain and have the exclusive rights to continue, initiate or pursue all causes of actions, claims and rights of the Debtor, other than those released or compromised as part of or pursuant to the Plan.

Based upon the above findings of fact; and good and sufficient cause appearing therefore,

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT**:

1.     The Plan, as modified herein, be and is hereby confirmed, effective the date of this Order, as a non-consensual Plan under Section 1191(b) of the Bankruptcy Code. The Plan, a copy of which is attached as Exhibit A, is incorporated into and made a part of this Confirmation Order. In the event of any inconsistency between the Plan and the provisions of this Confirmation Order, the provisions of the Confirmation Order are controlling.     The Debtor is hereby authorized and empowered to issue, execute, deliver, file or records any document, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms.

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION

**CASE NUMBER**: 21-14296

**DATE OF HEARING** 2/22/22

**JUDGE**: HON. JOHN K. SHERWOOD

---

3.    The plan is clarified to explicitly state that the Priority Tax Claims set forth §2.1(B) of the Plan shall be paid in 30 equal installments commencing with the effective date of the plan.  The General Unsecured Creditors set forth in §2.2(C) of the Plan shall be paid 20% of their claims.  The total general allowed unsecured claims are set at $ 125,763,24 and the distribution pool is set at $ 25,152.65.  This shall be paid in thirty (30) equal installments commencing after completion of the payment to the priority creditors, to wit: September 2024.

4.    Debtor shall submit to the Subchapter V Trustee no less than quarterly Reports of Distribution attesting to its compliance with the terms of the Plan and this Order.

5.    The Debtor is hereby approved as Disbursing Agent under the Plan.

6.    The Plan and its provisions shall be binding upon the Debtor, any entity acquiring property under the Plan, the holders of Claims against the Debtor, whether or not the Claims of such creditors or obligations of any parties-in-interest are impaired under the Plan and whether or not such creditors or parties-in-interest have voted, or are deemed to have voted, for or against the Plan.

**CAPTION OF ORDER:**

ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION

**CASE NUMBER**: 21-14296

**DATE OF HEARING** 2/22/22

**JUDGE:** HON. JOHN K. SHERWOOD

-----------------------------------------------------------------------------------------------------------------

7.      The Debtor is hereby authorized and empowered to take any action to execute, deliver and file in all courts all documents and instruments necessary or appropriate to enforce all causes of actions, claims and rights of the Debtor.

8.      The Discharge provisions contained in the Plan is deemed incorporated herein by reference, as if set forth herein in full, and is approved in all respects and shall be effective as provide for in the Plan.

9.      Failure to specifically include or reference a particular section or sections or provisions of the Plan or any related agreement in this Confirmation Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Bankruptcy Court that the Plan be confirmed and such provisions and related agreements be approved in their entirety.

10.      This Order shall not be subject to a stay pursuant to Bankruptcy Rule 3020(e).

11.      The services of the Subchapter V Trustee shall terminate upon the Effective Date of the Plan notwithstanding 11 U.S.C. 1183 (c)(1).

12.   The Debtor shall file a Notice of Substantial Consummation with the Court not later than fourteen (14) days after the Plan has been substantially consummated pursuant to 11 U.S.C. §1183(c)(2).   The date of first payment shall be no later than March 24, 2022.

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION

**CASE NUMBER**:  21-14296

**DATE OF HEARING**  2/22/22

**JUDGE:**  HON. JOHN K. SHERWOOD

---

13.  The Court shall retain exclusive jurisdiction over this reorganization case, including exclusive jurisdiction over all controversies, disputes and suits which may arise in connection with the interpretation or enforcement of the Plan and this Confirmation Order.

14.  In the event of default of the Plan provisions, any creditor affected by such default may seek the relief of this Court to reopen the case if necessary, revoke the Order of Confirmation and/or Discharge if warranted or seek such other relief that may be appropriate.

15.  Pursuant to 11 U.S.C. § 1141(b), upon entry of this Confirmation Order all assets of the Debtor shall vest in Auto Perfection Associates Inc. as reorganized debtor which has emerged from bankruptcy and is no longer a debtor-in-possession.

16.  The effective date of this Plan shall be March 24, 2022.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

AUTO PERFECTION ASSOCIATES, INC.

                                    Debtor.

Case No. 21-14296 (JKS)

Hon. John K. Sherwood, U.S.B.J.

Chapter 11 (Sub. Ch V/Small Business)

## SMALL BUSINESS DEBTOR'S  PLAN OF REORGANIZATION
## [OR LIQUIDATION]

This Plan of Reorganization  [or Liquidation] is presented to you to inform you of the proposed Plan for restructuring the debt [or liquidating the assets] of [Debtor], and to seek your vote to accept the Plan.

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THEPLAN, YOU MAY OBJECT TO THE CONFIRMATION OF THE PLAN.  IF YOU WISH TO OBJECT TO CONFIRMATION OF THE PLAN, YOU MUST DO SO BY _____.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY _____. THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS:  Steven J. Abelson, Esq., PO Box 7005, Freehold, NJ 07728**

**A HEARING ON THE CONFIRMATION OF THE PLAN IS  SCHEDULED FOR_____IN COURTROOM No. 3D  AT THE United States Courthouse, 50 Walnut Street, Newark, NJ 07102**

Your rights may be affected by this Combined Plan and Disclosure Statement.  You should consider discussing this document with an attorney.

**ABELSON LAW OFFICES**
By: Steven J. Abelson, Esq.
80 West Main Street
PO Box 7005
Freehold, NJ 07728
(732) 462-4773

_/s/ Steven J. Abelson_
By: Steven  J. Abelson, Esq.

Dated:  8/23/2021

# TABLE OF CONTENTS

Page

Summary of the Plan and Distribution to Creditors............................................................4

I       **Article 1  Background of the Debtor** ............................................................ 4
    1.1. Filing of the Debtor's Chapter 11 Case. ..................................................... 4
    1.2. Nature of the Debtor's Business. ................................................................ 5
    1.3. Legal Structure and Ownership. ................................................................ 5
    1.4. Debtor's Assets. ........................................................................................ 5
    1.5. Debtor's Liabilities. .................................................................................. 5
    1.6. Current and Historical Financial Conditions. ........................................... 6
    1.7. Events Leading to the Filing of the Bankruptcy Case. .............................. 6
    1.8. Significant Events During the Bankruptcy Case. ...................................... 7
    1.9. Projected Recovery of Avoidable Transfers. ............................................ 7

II      **Article 2  The Plan.** .................................................................................... 7
    2.1. Unclassified Claims...............................................................................10
    2.3. Estimated Number and Amount of Claims Objections...............................12
    2.4. Treatment of Executory Contracts and Unexpired Leases. .......................13
    2.5. Means for Implementation of the Plan. ....................................................13
    2.6. Disbursing Agent. ....................................................................................14
    2.7. Post-Confirmation Management................................................................14
    2.8. Tax Consequences of the Plan. .................................................................14
    2.9.  Projections in Support of Debtor's Ability to Fund the Plan.......................14

III     **Article 3   Feasibility of the  Plan** ............................................................14
    3.1. Ability to Initially Fund Plan....................................................................15
    3.2. Ability to Make Future Plan Payments And Operate Without Further Reorganization.  15

IV      **Article 4   Liquidation Valuation.** ...........................................................15

V       **Article 5    Discharge** ...............................................................................15

VI      **Article 6    General Provisions.** ...............................................................16
    6.1. Title to Assets. ..........................................................................................16
    6.2. Binding Effect...........................................................................................16
    6.3. Severability. .............................................................................................16
    6.4. Retention of Jurisdiction by the Bankruptcy Court. ..................................16
    6.5. Captions. ..................................................................................................16
    6.6. Modification of Plan. ................................................................................17
    6.7. Final Decree..............................................................................................17

**VII**    **Article 7    Attachments** ......................................................................................... 17

**VIII**    **Article 8   Frequently Asked Questions** .......................................................... 18

**IX**    **Article 9   Definitions** .......................................................................................... 19

Debtor, Auto Perfection Associates Inc. is the successor corporation of Auto Perfection Group Inc.  It is a small business located in Hackettstown, New Jersey which performs auto detailing for small and large inventory commercial businesses, primarily car dealers.

The Plan divides the creditors into classes, Secured, Priority, and General Unsecured. The Plan is devised with the intent to pay to creditors in periodic payments over five (5) years, a sum in excess of the liquidation threshold, to wit: thatwhich they would have received in a hypothetical Chapter 7 Liquidation.

**A)** __Secured__  There is one secured claim, a docketed judgment to the State of New Jersey, Division of Taxation in the amount of $ 1,806.73. It will be paid in full upon the effective date of the Plan.

**B)** __Priority__  There are priority claims to the Internal Revenue Service, State of New Jersey Division of Taxation, NJ Dept of Labor and Workforce and the New York State Workers Compensation Board totaling approximately $ 22,300.  This class will be paid in full in periodic payments commencing upon the effective date of the plan.

**C)** __General Unsecured Claims__ There are approximately 5 creditors with claims totally approximately $ 110,000, plus a disputed claim.  This creditor has filed two claims for $ 108,000 each.. This class (as allowed after objections to proof of claims) will receive a pro-rata share of twenty  (20%) percent in periodic payments, which is in excess of the liquidation threshold after payment of Administrative Expenses and priority claims.  Payments to this class will commence after completion of periodic payments to Priority Claims above.

**D)** __Executory Contracts__ The are three executory contracts, which include the month to month lease on the business property in Hackettstown, NJ, a merchant account and and insurance contract.   These executory contracts be assumed and continued.

## ARTICLE 1
## BACKGROUND OF THE DEBTOR

### 1.1.    __Filing of the Debtor's Chapter 11 Case.__

On May 24, 2021 the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Chapter 11/ Subchapter V case is pending in the Bankruptcy Court in Newark, New Jersey.

### 1.2.  Nature of the Debtor's Business.

Principal Daniel Maya has been engaged in the auto detailing business since 2013, first as Auto Perfection Group Inc. through 2018 and following by the current Debtor-in-Possession, Auto Perfection Associates Inc.

The Debtor business details automobiles out of its business location in Hackettstown, NJ and on-site for several large car dealers in New Jersey and New York.

### 1.3.  Legal Structure and Ownership.

Debtor is a Subchapter S corporation with 100% of the stock owned by Daniel Maya.

### 1.4.  Debtor's Assets.

Debtors have assets presently as follows:

a)  Real Estate:  none
b)  DIP Account – <u>Wells Fargo</u>:  **$ 5,900** (approximate as it fluctuates)
c)  <u>Accounts Receivable:</u>  $ **24,339.74** gross of which only 50% is deemed collectible.
d)  <u>Furnishings/Supplies/Computers</u>: **$ 8,000** (Debtor's Estimate

### 1.5.  Debtor's Liabilities

a)  Secured:  NJ Division of Taxation:  **$ 1,806.73**
b)  Priority- Internal Revenue Service (per Proof of Claim): **$ 3,196.34**
c)  Priority- NJ Division of Taxation (per Proof of Claim): **$ 7,263.55**
d)  Priority- NY State Workers Compensation Board (No proof of claim) **$ 10,684**
f)  Priority- NJ Dept of Labor & Workforce (No proof of claim): **$ 1,173.00**
g)  General Unsecured Creditors **$ 219,032** (Per Schedules and Proof of Claim - See *Exhibit G*)
h)  Administrative Claims
    i)  Mark Politan, Esq.  (Subchapter V Trustee) **$ 5,000** estimated
    ii)  Steven J Abelson, Esq. (Professional Attorney Fees) **$ 10,000** estimated
    iii)  NJ Division of Taxation: **$ 853.00** (per Proof of Claim)
    iv)  James Ramirez, CPA: **$ 1,000** (Accountant)

5

**1.6. <u>Current and Historical Financial Conditions.</u>**

Debtor has utilized both employees and non-employee contractors in its business.

Difficulties have arisen as some of these independent contractors have been retroactively

deemed employees by the New Jersey Division of Labor creating back obligations for

employment taxes.  This has also impacted worker's compensation insurance obligations.

Many of these financial obligations have been previously addressed in the individual Chapter

13 Bankruptcy filing of the corporation owner, Daniel Maya and his wife Yajaira.  (See BK

Case DNJ # 17-33278) Financial difficulties were impacting the business but attempts to avoid

a bankruptcy filing were made impossible following the onset of the world wide Pandemic in

March 2020 which significantly decreased the volume of business available to the business-

and thus it's operating income became severely reduced.

Debtor's business has been slowly improving as we have moved through 2021 and following

filing as it appeared that the Pandemic was waning.   Financials support the ability of the

Debtor to make the periodic payments set forth in this plan.

.

**1.7.    <u>Events Leading to the Filing of the Bankruptcy Case.</u>**

The business has been repeatedly assessed large scale tax obligations due to the

determination that independent contractors were in fact employees.  Most of these taxes are

being satisfied in the personal bankruptcy of Daniel Maya, but there remain

outstanding obligations.  These employment determinations led to monies being owed to both

the New Jersey and New York worker's compensation boards and then reassessment by the

worker's compensation carrier seeking retroactive payments for the prior deemed employees.

In April 2021 as the Pandemic stretched into the 2nd year, the business was

struck by a wage and hour claim by a prior employee.  While disputed, it was

determined that this was the appropriate time for filing of the within petition.

6

**1.8.    Significant Events During the Bankruptcy Case.**

No assets of the Debtor have been sold. Business has slowly improved since the

filing.  See *Exhibit I* for the most recent Bankruptcy Case Docket Report.

**1.9    Projected Recovery of Avoidable Transfers**

The Debtor does not intend to pursue preference, fraudulent conveyance, or other

avoidance actions.

**ARTICLE 2**

**THE PLAN**

The Debtor's Plan must describe how its Creditors will be paid.        Certain
Claims  are entitled to specific treatment under the Bankruptcy Code and are not placed in
a class for purpose of payment. For example, Administrative Expenses and Priority Tax
Claims are not classified.

As required by the Code, the Plan places Claims and Equity Interests in various
classes and describes the treatment each class will receive. The Plan alsostates whether
each class of Claims or Equity Interests is impaired or unimpaired.A Claim or Equity
Interest can be impaired if the Plan alters the legal, equitable or contractual  rights  to
which the Claimants are otherwise entitled. If the Plan is confirmed, each Creditor's
recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject
the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan
when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount
of the Allowed Claims that actually vote, vote in favor of the Plan. Also, a class of
Equity Interest holders accepts the Plan when at least two-thirds (2/3) in amount of the
allowed Equity Interest holders that actually vote, vote in favor of the Plan.
A class that is not impaired is deemed to accept the Plan.

**2.1**.    **Unclassified Claims.**

Certain types of Claims are automatically entitled to specific treatment under the
Code.  For example, Administrative Expenses and Priority Tax Claims are not
classified. They are not considered impaired, and holders of such Claims do not vote
on the Plan.

They may, however, object if, in their view, their treatment under the Plan does
not comply with that required by the Code. As such, the Plan does not place the
following Claims in any class:

A. Administrative Expenses
    The Debtor must pay all Administrative Expenses in full. If an

Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Claimant. If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

> 1. If the Debtor trades in the ordinary course of business following its filing of the Chapter 11 Case, Creditors are entitled to be paid in full for the goods or services provided. This ordinary trade debt incurred by the Debtor after the Petition Date will be paid on an ongoing basis in accordance with the ordinary business practices and terms between the Debtor and its trade Creditors.

> 2. If the Debtor received goods it has purchased in the ordinary course of business within 20 days before the Petition Date, the value of the goods received is an Administrative Expense.

> 3. Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 cases. These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment. \

The following chart lists the Debtor's estimated Administrative Expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the ordinary course of Business after the Petition Date | n/a | n/a |
| Administrative Tax Clam | $ 853 | To be paid upon effective date of Plan |
| Value of Goods Received in the Ordinary Course of Business | -0- | n/a |
| Professional Fees as Approved by the Bankruptcy Court Joseph Ramirez, CPA | $ 1000 | to be paid in full upon effective date |

8

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Clerk's Office Fees | $ -0- | |
| Sub-Chapter V Trustee | $ 5,000 estimated | To be paid upon Confirmation |
| Steven J. Abelson, Esq. | $ 10,000 estimated (Balance Due to be determined upon fee application to Bankruptcy Court) | To be paid upon Confirmation |

B. Priority Tax Claims.

 Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid over a period not exceeding 5 years from the order of relief.  It is estimated that these claims will be satisfied within 30 months.

Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Priority Tax - IRS | $ 3,196.34 | To be paid in full in periodic payments commencing upon effective date of Plan |
| Priority Tax – NJ Div. of Taxation | $ 7,263.55 | To be paid in full in periodic payments commencing upon effective date of Plan |
| Priority Tax- NY State Workers Compensation Board | $ 10,684 | To be paid in full in periodic payments commencing upon effective date of Plan |

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Priority Tax- NJ Dept of Labor and Workforce | $ 1,173.00 | To be paid in full in periodic payments commencing upon effective date of Plan |

**2.2 Classes of Claims and Equity Interests.**

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

A. Classes of Secured Claims

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under § 506 of the Code. If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim.

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| Class # 2 | Description | Insider: (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1 | *Secured claim of:*<br><br>Name = NJ Div of Taxation<br><br>Collateral description = all property- NJ Tax Judgment<br><br>Allowed Secured Amount = $1806.73<br><br>Priority of lien = First<br><br>Principal owed = $ 1806.73<br><br>Pre-pet. arrearage = n/a<br>Total claim = $ 1806.73 | NO | Unimpaired | To be paid in full upon effective date of Plan |

------------

*All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

### B. Class(es) of Other Priority Claims

Claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes.      The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment.

The following chart lists all classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

N/A - None

| Class # 3 | Description | Impairment | Treatment |
|-----------|-------------|------------|-----------|
| **n/a** | Priority unsecured claim pursuant to Section [insert]<br>Total amt of claims = $ | Unimpaired | |
| | Priority unsecured claim pursuant to Section [insert]<br>Total amt of claims = $ | [State whether impaired or unimpaired] | |

### C. Class[es] of General Unsecured Claims

General unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. [Insert description of §1122(b) convenience class if applicable.]

The following chart identifies the Plan's proposed treatment of Class[es]  4 through 6, which contain general unsecured Claims against the Debtor:

11

*See Attached Exhibit H*

| Class # 4 | Description | Impairment | Treatment |
|---|---|---|---|
| | General Unsecured Class [including any claims set forth in Section 2.2A above] | Yes | Each creditor to be paid a pro-rata share of available funds in periodic payments estimated at 20% of the claim unless *de minimus* -- |
| | | | (defined as resulting in payment of less than $ 25) will not be paid. |

    D. Class[es] of Equity Interest Holders.

Equity Interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are Equity Interest holders. In a partnership, Equity Interest holders include both general and limitedpartners. In a limited liability company ("LLC"), the Equity Interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the Equity Interest holder.

The following chart sets forth the Plan's proposed treatment of the class[es] of Equity Interest holders: [There may be more than one class of Equity Interest holders in, for example, a partnership case, or a case where the prepetition debtor had issued multiple classes of stock.]

| Class # 5 | Description | Impairment | Treatment |
|---|---|---|---|
| 5 | Daniel Maya | Yes | No Payment Anticipated other than normal salary |

    **2.3.**   **Estimated Number and Amount of Claims Objections.**

    The Debtor may object to the amount or validity of any Claim within 60 days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated asa Disputed Claim under the Plan. If and when a Disputed Claim is finally resolved by theallowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance with

the Plan. [Set forth amount and number of Claims in each class that will be objected to.]

| Class | Number of Claims Objected To | Amount of Claims Objected To |
|-------|------------------------------|------------------------------|
| 4 | Claim 3 and 4 for $ 108,150 each | Claims are duplicative and disputed. No documentation provided and claimant was previously paid in full for all services rendered. |

### 2.4.    Treatment of Executory Contracts and Unexpired Leases.

Executory Contracts are contracts where significant performance of the contract remains for both the Debtor and another party to the contract. The Debtor has the right to reject, assume (i.e. accept), or assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval.    The paragraphs below explain the Debtor's intentions regarding its Executory Contracts (which includes its unexpired leases) and the impact such intentions would have on the other parties to the contracts.

Check all that apply:

[x  ] Assumption of Executory Contracts.

The Executory Contracts shown on   *Exhibit F* shall be assumed by the Debtor. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any.    *Exhibit F* also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of future performance, you must file and serve your objection to the assumption within the deadline for objecting to the confirmation of the Plan, unless the Bankruptcy Court has set an earlier time.

### 2.5.    Means for Implementation of the Plan.

Debtor is now showing a modest net income each month.  That will be accumulated pending confirmation to be available for payments due upon the effective date of the plan.  The net profit will be sufficient to thereafter fund the periodic payments as proposed.  The most recent monthly operating report is attached as *Exhibit E*.

[Additional provisions, if any, for implementing the plan can be inserted here.]

13

### 2.6.   **Payments**

If the Plan is confirmed under section 1191(a), Payments to Creditors provided for in Plan will be made by the Trustee pursuant to section 1194(a). Once the Trustee's service is terminated under section 1183(c), the Debtor shall make Plan payments except as otherwise provided in the Plan or in the Order confirming the Plan.

### 2.7.   **Post-Confirmation Management.**

The Post-Confirmation Officers/Managers of the Debtor, and their compensation, shall be as follows:

| Name | Position | Compensation |
|---|---|---|
| Daniel Maya | Owner/Manager | $ 134,000 per annum |
| | | |
| | | |

### 2.8.   **Tax Consequences of the Plan.**

***Creditors and Equity Interest Holders Concerned with How the Plan MayAffect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.***

The following are the anticipated tax consequences of the Plan: [List the following general consequences as a minimum: (1) Tax consequences to the Debtor of the Plan; (2) General tax consequences on Creditors of any discharge, and the general tax consequences of receipt of Plan consideration after Confirmation.]   n/a - none

### 2.9.   **Projections in Support of Debtor's Ability to Fund the Plan**

A conservative Cash Flow Projection for the following twelve (12) months is attached as *Exhibit C*.

### ARTICLE 3
### FEASIBILITY OF PLAN

14

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

### 3.1.   **Ability to Initially Fund Plan**.

The Plan Proponent believes that the Debtor will have sufficient proceeds available from the current assets to satisfy the obligations of the plan. *See Exhibit C.*

### 3.2.   **Ability to Make Future Plan Payments And Operate Without Further Reorganization**.

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

**You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.**

## ARTICLE 4
## LIQUIDATION VALUATION.

To confirm the Plan, the Bankruptcy Court must find that all Creditors and Equity Interest holders who do not accept the Plan will receive at least as much under the Plan as such Claimants and Equity Interest holders would receive in a Chapter 7 liquidation. A liquidation analysis is attached hereto as ***Exhibit G***.

## ARTICLE 5
## DISCHARGE.

### 5.1  **Discharge**

If the plan is confirmed under section 1191(a), on the Confirmation Date the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in section 1141(d) of the Bankruptcy Code.

If the Plan is confirmed under section 1191(b), as soon as practical after completion by the Debtor of all payments due under the Plan, unless the Court approves

a written waiver of discharge executed by the Debtor after the order of relief under this chapter, the Court shall grant the Debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in this Plan, except any debt-

> (1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or
>
> (2) if applicable, of the kind specified in section 523(a) of this title.

## ARTICLE 6
## GENERAL PROVISIONS.

### 6.1.    Title to Assets.

Except as otherwise provided in the Plan or in the order confirming the Plan, (i) confirmation of the Plan vests all of the property of the estate in the Debtor, and (ii) after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Equity Interests of Creditors, equity security holders, and of general partners in the Debtor.

### 6.2.    Binding Effect.

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

### 6.3.    Severability.

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### 6.4.    Retention of Jurisdiction by the Bankruptcy Court.

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under section 1127; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses;
(iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

### 6.5.    Captions.

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

### 6.6.    <u>Modification of Plan.</u>

The Plan Proponent may modify the Plan at any time before confirmation of the Plan pursuant to section 1193(a). However, the Bankruptcy Court may require additional items including revoting on the Plan.

If the Plan is confirmed under section 1191(a), the Debtor may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Bankruptcy Court authorized the proposed modification after notice and a hearing.

If the Plan is confirmed under section 1191(b), the Debtor may seek to modify the Plan at any time only if (1) it is within 3 years of the Confirmation Date, or such longer time not to exceed 5 years, as fixed by the Court and (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

### 6.7.    <u>Final Decree.</u>

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close  the  case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

# ARTICLE 7
# <u>ATTACHMENTS</u>

The following documents accompany the Combined Plan and Disclosure Statement [check those applicable, and list any other attachments here]:

[x ]    Debtor's Assets at Fair Market Value, annexed as **Exhibit A**.

[x ]    Debtor's Liabilities, annexed as **Exhibit B.**

[x ]    Financial forecast for the Debtor, annexed as Exhibit **C**.

[  ]    Debtor's most recent financial statements issued before bankruptcy, annexed as Exhibit____.

[x ]    Tables showing the Cash on Hand as of the Effective Date, annexed as **Exhibit D**

[ x]    Debtor's most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case, annexed as **Exhibit E**.

[ ]    Summary of the Debtor's periodic operating reports filed since the commencement of the Debtor's bankruptcy case, annexed as Exhibit____.

[ x]    Executory Contracts and Unexpired Leases, to be Assumed annexed as **Exhibit F**

17

[x]   Executory Contracts and Unexpired Leases to be Rejected, annexed as **Exhibit F**.

[x]   Liquidation Analysis, annexed as **Exhibit G**

[x ]   Table of General Unsecured Creditors, annexed as **Exhibit H**

[x ]   Docket Report showing Significant Bankruptcy events, annexed as **Exhibit I**


# ARTICLE 8
## FREQUENTLY ASKED QUESTIONS

**What Is the [DEBTOR] Attempting to Do in Chapter 11?**      Chapter 11 is the principal reorganization chapter of the Bankruptcy Code.      Under Chapter 11, a debtor attempts to restructure the claims held against it. Formulation and confirmation of a plan of reorganization is the primary goal of Chapter 11. When reorganization is not feasible, however, a debtor may propose a liquidating plan under Chapter 11. The plan is the legal document which sets forth the manner and the means by which holders of claims against a debtor will be treated.

**If the Plan of Reorganization [or Liquidation] Is the Document That Governs How a Claim Will Be Treated, Why Am I Receiving This Combined Plan and Disclosure Statement?** In order to confirm a plan of reorganization [or liquidation], the Bankruptcy Code requires that a debtor solicit acceptances of a proposed plan, which it is doing with this Combined Plan and Disclosure Statement. If the creditors are satisfied with the information provided in the Plan and the terms of the Plan as proposed, and have voted for the Plan and returned the requisite number of ballots to counsel for the Debtor, the Bankruptcy Court may confirm the Plan as proposed by the Debtor.

**How Do I Determine Which Class I Am In?**      To determine the class of your claim or interest, you must first determine whether your claim is secured or unsecured. Your claim is secured if you have a validly perfected security interest in collateral owned by the Debtor. If you do not have any collateral, your claim is unsecured. The Table of Contents will direct you to the treatment provided to the class in which you are grouped. The pertinent section of the Plan dealing with that class will explain, among other things, who is in that class, what is the size of the class, what you will receive if the Plan is confirmed, and when you will receive what the Plan has provided for you if the Plan is confirmed. Paragraph 2.2 lists all classes of claimants and their types of claims.

**Why Is Confirmation of a Plan of Reorganization [or Liquidation] Important?** Confirmation of the Plan is necessary because if the Plan is confirmed, the Debtor and all of its creditors are bound by the terms of the Plan.                   If the Plan is not confirmed, the Debtor may not pay creditors as proposed in the Plan while the Debtor remains in bankruptcy.

**What Is Necessary to Confirm a Plan of Reorganization [or Liquidation]?** Confirmation of the Plan requires, among other things, the vote in favor of the Plan of two-thirds in total dollar amount and a majority in number of claims actually voting in each voting class.      If the vote is insufficient, the Bankruptcy Court can still confirm the

Plan, but only if certain additional elements regarding the ultimate fairness of the Plan to the creditors are shown.

**Am I Entitled to Vote on the Plan?**    Any creditor of the Debtor whose claim is IMPAIRED under the Plan is entitled to vote, if either (i) the creditor's claim has been scheduled by the Debtor and such claim is not scheduled as disputed, contingent, or unliquidated, or (ii) the creditor has filed a proof of claim on or before the last date set by the Bankruptcy Court for such filings.    Any claim to which an objection has been filed (and such objection is still pending) is not entitled to vote, unless the Bankruptcy Court temporarily allows the creditor to vote upon the creditor's motion. Such motion must be heard and determined by the Bankruptcy Court prior to the date  established  by  the Bankruptcy Court to confirm the Plan.

**How  Do  I  Determine  Whether  I  Am  in  an  Impaired Class?** Paragraph 2.2 of the Plan identifies the classes of creditors whose claims are impaired. If your claim is impaired, your vote will be considered by the Bankruptcy Court.

**When Is the Deadline by Which I Need to Return My Ballot?**    The Plan is being distributed to all claim holders for their  review,  consideration  and approval.             The deadline by which ballots must be returned is_____. Ballots  should  be mailed to the following address:


>  Steven J Abelson, Esq.
>  Abelson Law Offices
>  PO Box 7005
>  Freehold, NJ 07728

**How  Do  I  Determine  When  and  How  Much  I  Will  Be  Paid?** In Paragraph 2.2,(and Exhibit H) the Debtor has provided both written and financial summaries of what it anticipates each class of creditors will receive under the Plan.

### ARTICLE 9
### DEFINITIONS


**9.1.** The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan.   The definitions that follow that are found in the Code are for convenience of reference only, and are superseded by the definitions found in the Code.

**9.2. Administrative Claimant**: Any person entitled to payment of an Administration Expense.

**9.3.  Administrative Convenience Class:** A class  consisting  of  every unsecured claim that is less than or reduced to an amount  that  the  BankruptcyCourt approves as reasonable and necessary for administrative convenience.

19

**9.4. Administrative Expense**: Any cost or expense of administration of the Chapter 11 case entitled to priority under Section 507(a)(2) of the Code and allowed under Section 503(b) of the Code, including without limitation, any actual and necessary expenses of preserving the Debtor's estate, any actual and necessary expenses incurred following the filing of the bankruptcy petition by the Debtor-in-Possession, allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against any of the Debtor's estates under Chapter 123, Title 28, United States Code.

**9.5      Administrative Tax Claim**: Any tax incurred pursuant to Section 503(b)(1)(B) of the Code.

**9.6. Allowed Claim**: Any claim against the Debtor pursuant to Section 502 of the Code to the extent that: (a) a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court or without objection by the Debtor, and (b) as to which either (i) a party in interest, including the Debtor, does not timely file an objection, or (ii) is allowed by a Final Order.

**9.7. Allowed Priority Tax Claim**: A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.8. Allowed Secured Claim**: Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code

**9.9. Allowed Unsecured Claim**: An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.10.  Bankruptcy Code or Code**: The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

**9.11. Bankruptcy Court**: The United States Bankruptcy Court for the District of New Jersey.

**9.12.   Bankruptcy Rules**: The Federal Rules of Bankruptcy Procedure.

**9.13. Cash**: Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtor, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

**9.14. Chapter 11 Case**: This case under chapter 11 of the Bankruptcy Code in which [DEBTOR] is the Debtor-in-Possession.

**9.15     Claim**: Any "right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5).

**9.16. Class**: A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

**9.17. Committee**: Any Committee of Creditors appointed by the United States Trustee in the chapter 11 case pursuant to Section 1102 of the Bankruptcy Code.

**9.18. Confirmation**: The entry by the Bankruptcy Court of an order confirming this Combined Plan and Disclosure Statement.

**9.19. Confirmation Date**: The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**9.20. Confirmation Hearing**: The hearing to be held on_____, 20___to consider confirmation of the Plan.

**9.21. Confirmation Order**: An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of chapter 11 ofthe Bankruptcy Code.

**9.22. Creditor**: Any person who has a Claim against the Debtor that arose on or before the Petition Date.

**9.23. Debtor** and **Debtor-in-Possession**: [Debtor], the debtor-in-possession in this Chapter 11 Case.

**9.24. Disputed Claim:** Any claim against the Debtor pursuant to Section 502 of the Code that the Debtor has in any way objected to, challenged or otherwise disputed.

**9.25. Distributions**: The property required by the Plan to be distributed to the holders of Allowed Claims.

**9.26.   Effective Date**: Pursuant to D.N.J. LBR 3020-1, the effective date of a Chapter 11 plan is 30 days after entry of the order confirming the plan unless the plan or confirmation order provides otherwise.

**9.27.  Equity Interest**: An ownership interest in the Debtor.

**9.28.  Executory Contracts**: All unexpired leases and executory contracts as described in Section 365 of the Bankruptcy Code.

**9.29.  Final Order**: An order or judgment of the Bankruptcy Court that hasnot been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal hasexpired and no notice of appeal has been filed.

**9.30.  IRC**: The Internal Revenue Code

**9.31.      Petition Date**: [5/24/21], the date the chapter 11 petition for relief was filed.

**9.32.  Plan**: This Combined Plan and Disclosure Statement, either in its present form or as it may be altered, amended, or modified from time to time.

**9.33.  Plan Proponent**: The individual or entity that has filed this Combined Plan and Disclosure Statement.

**9.34.  Priority Tax Claim**: Any Claim entitled to priority in  payment under Section 507(a)(8) of the Bankruptcy Code.

**9.35.  Reorganized Debtor**: The Debtor after the Effective Date.

**9.36.  Schedules**: Schedules and Statement of Financial Affairs, as amended, filed by the Debtor with the Bankruptcy Court listing liabilities and assets.

**9.37.  Secured Creditor**: Any creditor that holds a Claim that is secured by property of the Debtor.

**9.38.  Unsecured Creditor**: Any Creditor that holds a Claim in the Chapter 11 case which is not a secured Claim.


Respectfully submitted,


*/s/ Steven J. Abelson*
_____
By:  Steven J. Abelson, Esq.


22